575 F.2d 1256
 11 ERC 1698
 The COSMETIC, TOILETRY AND FRAGRANCE ASSOCIATION, INC.,
Faberge, Incorporated, Revlon, Inc., and Estee
Lauder, Inc., Appellees,
v.
STATE OF MINNESOTA, Warren Spannaus, Attorney General for
the State of Minnesota, Minnesota Pollution
Control Agency, an agency of the State
of Minnesota, and its
Executive Director,
Appellants.
 No. 78-1010.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 18, 1978.
Decided May 25, 1978.
 
 Stephen A. Shakman, Sp. Asst. Atty. Gen., St. Paul, Minn. (argued), Warren Spannaus, Atty. Gen., Byron E. Starns, Chief Deputy Atty. Gen., and Kenneth E. Raschke, Jr., Asst. Atty. Gen., St. Paul, Minn., on brief, for appellants.
 J. Patrick McDavitt, Minneapolis, Minn. (argued), Matthew J. Levitt and Lee Bearmon, Minneapolis, Minn., on brief, for appellees.
 Before HEANEY and STEPHENSON, Circuit Judges, and BECKER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the district court[1] granting the motion of plaintiffs-appellees, The Cosmetic, Toiletry and Fragrance Association, Inc.; Faberge, Incorporated; Revlon, Inc.; and Estee Lauder, Inc., for a preliminary injunction. The findings of fact and conclusions of law in support of the order are reported at 440 F.Supp. 1216. On appeal the defendant-appellant State of Minnesota argues that its statute governing the labeling of products using pressurized containers with certain chlorofluorocarbon propellants is not invalid under the supremacy clause of the United States Constitution nor invalid as an unconstitutional burden on interstate commerce. We affirm the district court.
 
 
 2
 The Minnesota statute and the federal Food and Drug Administration (FDA) require the identical warning. However, the Minnesota statute requires that the warning be placed on the front panel of the product whereas the FDA regulation calls for the warning to "appear on an appropriate panel with such prominence and conspicuousness as to render it likely to be read and understood by ordinary individuals under normal conditions of purchase." This regulation has been interpreted to allow placement of the warning on the back panel of the product.
 
 
 3
 The district court also interpreted the Minnesota statute as requiring the warning to appear on the immediate container whereas the FDA regulation requires the warning to appear only on the outside box or container when the product is so packaged. Cosmetic, Toiletry, & Fragrance Ass'n, Inc. v. Minnesota, 440 F.Supp. 1216, 1219 (D.Minn.1977). On appeal Minnesota states that it interprets its statute to require the placing of the warning label only on the front panel of the outside box or outside container.
 
 
 4
 Notwithstanding this difference of interpretation we are convinced that the decision of the district court which held that the Minnesota statute is pre-empted should be affirmed. After a careful review of the record and the briefs and arguments of counsel, we affirm on the basis of the district court's well-reasoned opinion.
 
 
 5
 Affirmed.
 
 
 
 *
 The Honorable William H. Becker, Senior United States District Judge for the Western District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Edward J. Devitt, Chief Judge of the United States District Court for the District of Minnesota